STURGIS, Chief Judge.
The following motions are considered:
(1) Motion of appellee to affirm the final decree from which the appeal is taken. This motion was filed on June 21, 1958, pursuant to F.A.R. 3.9(c), prior to the effective date of the amendment to the rules which abolished the motion to affirm.
(2) Motion of appellee to quash the appeal, based on F.A.R. 3.9(b).
(3) Motion of appellant Annette H. Slaff to strike from the file in this court certified copies of parts of the record in the court below that were filed by appellee in connection with the foregoing motions.
(4) Motion of appellant Annette H. Slaff to quash an order of the court below directing that the entire original record in said court be transmitted to this court for its consideration in support of appellee’s motions to quash the appeal and to affirm the final decree.
The motion to affirm and other motions mentioned were filed prior to the lodging in this court of the record on appeal. Under such circumstances, and pursuant to Rule 3.6 (k), it is incumbent on the party desiring to present before this *799 court any motion calling for an intermediate order to file in this court certified copies of so much of the original papers in the action or proceeding in the lower court as is necessary to enable this court to pass on the subject. The delivery to this court of the entire record on appeal, which in this case is admitted to consist of over 1,000 pages, in lieu of certified copies of the pertinent parts thereof, completely ignores the purpose and would destroy the intent of the rule. This court will not be burdened with the task of muddling through the complete record in the lower court in order to act upon preliminary matters presentable by motions of the character under discussion. Where the record on appeal has been lodged in this court, reference in the motion should be by title and page to that portion of the record referred to. The appellees having failed to present such supporting papers, the motion to affirm the final decree must be denied.
 Appellee’s motion to quash the appeal is supported by a certified copy of the final decree from which this appeal is taken. By that decree a certain conveyance of valuable real property was held to be null and void; the certificate of dissolution of a corporation was set aside and the corporation reactivated; the title to the property in the voided deed was held to be vested in the reactivated corporation; the defendants Maurice M. Slaff and Annette H. Slaff were directed to account to the appellee and to the reactivated corporation by May 8, 1958 for the rents, issues, and profits of the mentioned property for the period since May 1, 1953; and the funds shown by the accounting to be due to the corporation were required to be deposited in a bank to the credit of the corporation by May 18, 1958. The costs below were taxed equally against Maurice M. Slaff and Annette H. Slaff.
The motion to quash is also supported by a certified copy of an order entered by the circuit court on July 8, 1958, holding appellant Annette H. Slaff in contempt for failure to comply with said final decree, and there is nothing here to indicate that she has been purged of said contempt. Neither does it appear that the final decree has been superseded or stayed in any respect.
It is obvious that the effect of this appeal, absent a showing by appellant Annette H. Slaff of good cause ¡for failure to comply with the decree, without superseding its provisions, and without paying the costs taxed against her, is to permit said appellant to avoid with impunity the consequence of her contempt. This court will not lend its aid to such an end. Accordingly, an order will be entered allowing said appellant a very limited period of time in which to apply to the trial court for an order superseding the final decree in this cause upon such terms and conditions as the trial court may fix and determine. Failing strict compliance with such order as the trial court may enter in the premises, this court will upon a showing to that effect dismiss this cause.
WIGGINTON and CARROLL, DONALD K., JJ., concur.